FILED

APR 30 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | ) Cr. No. 07-0172GT |
| Plaintiff, ) | ) |
| v. ) | ) ORDER |
| TERRY AVANT, JR., ) | ) |
| Defendant. ) | ) |

On March 6, 2008, the Ninth Circuit vacated some of Defendant's, Terry Avant, Jr. ("Mr. Avant"), special conditions of supervised release. Mr. Avant argued that it was impermissible for this Court to impose the special conditions of supervised release that required him to disclose financial information upon request and prohibited him from opening checking accounts and new charge accounts without the approval of the probation officer. The Ninth Circuit stated that record did not contain sufficient findings to determine whether or not the challenged conditions of supervised release are "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003). The Ninth Circuit remanded the case back to this Court to "re-examine and address the appropriateness" of these special conditions of supervised release.

1  In order to comply with the holding by the Ninth Circuit, this Court issues the following
2  findings:
3  Mr. Avant was arrested and convicted for importation of marijuana. On December 29, 2007,
4  he filed a Financial Affidavit with this Court stating he was self-employed with a company called
5  "accoustic Vision/Nickoloden." He further stated that he earned approximately "50K last year."
6  He reported his monthly bills totaled $2,400.00, not including his credit card bills. During his
7  presentence interview he stated he owned, beginning in 2005 and incorporated in 2006, a business
8  called Nickeldeon. He stated his monthly income from this company was $4,000.00. He also
9  claimed his monthly income, beginning in 1998 was approximately $3,000.00. He also claimed
10 a $75,000 annual income in 1999.

11 A review of the Social Security records, which were obtained from the IRS, revealed
12 different figures for Mr. Avant's reported income. Specifically, he reported earning less than
13 $7,500 in 2004 and 2005. He did not report any income in 2006. A comprehensive search of
14 AutoTrackXP, a non-public business search engine, did not list any official company under Mr.
15 Avant's name nor his reported company name. The Probation Officer aseerts, and the Court
16 agrees, that Mr. Avant has misrepresented his income to either the Court or to the IRS.

17 The special conditions that were imposed, and are imposed again, are necessary for several
18 reasons. First, these conditions ensure that Mr. Avant complies with all state and federal tax laws,
19 such as reporting all earned income to the IRS and timely paying taxes on this income.
20 Additionally, if Mr. Avant is operating a business that profits more than $50,000 per year, this
21 company must be licensed as a protection for the public. In short, the special conditions are the
22 least restrictive means to ensure that Mr. Avant reports all his income, pays his taxes and complies
23 with all the laws encompassing business ownership. Accordingly,
24 //
25 //
26 //
27 //
28 //

**IT IS ORDERED** that Mr. Avant comply with all the mandatory, standard and previously imposed special conditions of supervised release (*see* page 16 Presentence Report).

**IT IS SO ORDERED**

_April 23 2008_         _/s/ Gordon Thompson, Jr._
date                                GORDON THOMPSON, JR.
                                        United States District Judge

cc: All counsel and parties without counsel